IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TRAVIS MOSLEY,

  Plaintiff,

vs.

BURGER KING CORPORATION,
a Florida Profit Corporation,

  Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, TRAVIS MOSLEY, sues Defendant, BURGER KING CORPORATION, and shows:

### Introduction

1. This is an action by TRAVIS MOSLEY against his former employer for unpaid overtime, unpaid minimum wages and other unpaid wages pursuant to the Fair Labor Standards Act, the Florida Minimum Wage Act and Florida common law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. Count III of this action arises under the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110. Count IV of this action arises under Florida common law for breach of contract. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction over Counts III and IV pursuant to 28 U.S. Code § 1367.

3.     The claims arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4.     Plaintiff, TRAVIS MOSLEY, (hereinafter "MOSLEY") a resident of Miami-Dade County, was at all times material, employed by BURGER KING CORPORATION, as a cook, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with BURGER KING CORPORATION, was engaged in commerce or in the production of goods for commerce.

5.     Defendant, BURGER KING CORPORATION, doing business as Burger King (hereinafter, "Burger King"), is a Florida Profit Corporation with headquarters in Miami-Dade County, Florida, doing business in Miami Beach, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6.     Plaintiff MOSLEY's was hired by Burger King to work as a cook in its restaurant located at 18194 Collins Avenue, Miami Beach, Florida, 33160. Burger King agreed to pay MOSLEY an hourly rate of $13 per hour.

7.     Plaintiff MOSLEY's work hours and amount of compensation received were as follows:

a.　During the week of June 24, 2022 through June 30, 2022, MOSLEY worked approximately 55 hours without being paid any wages. MOSLEY is therefore owed straight time in the amount of $520 (40 hrs times $13/hr), plus minimum wage liquidated damages of $400 (40 hrs times $10/hr), plus $292.50 in overtime wages (15 hrs times $19.50/hr), plus overtime liquidated damages in the amount of $292.50;

b.　During the week of July 15, 2022 through July 21, 2022, MOSLEY worked 37.67 hours without being paid any wages. MOSLEY is therefore owed straight time in the amount of $489.71 (37.67 hrs times $13/hr), plus minimum wage liquidated damages in the amount of $376.70 (37.67 hrs times $10/hr).

c.　During the week of July 22, 2022 through July 28, 2022, MOSLEY worked 26.73 hours without being paid any wages. MOSLEY is therefore owed straight time in the amount of $347.49 (26.73 hrs times $13/hr), plus minimum wage liquidated damages in the amount of $267.30 (26.73 hrs times $10/hr).

8.　The failure to pay minimum wages and overtime compensation to MOSLEY is unlawful in that he was not exempted from the provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by Burger King – Overtime

9.　Plaintiff, TRAVIS MOSLEY, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 above.

10.　Since on or about June 2022, up to and including July 2022, Defendant Burger King has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the

regular rates at which they were employed: specifically MOSLEY, during his employment, worked in excess of 40 hours a week during one week of his employment as outlined above, but was not compensated.

11.     MOSLEY is entitled pursuant to 29 U.S.C. § 216(b), to recover from Burger King:

    a.     All unpaid overtime that is due;

    b.     As liquidated damages, an amount equal to the unpaid overtime owed;

    c.     The costs of this action, and;

    d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff, TRAVIS MOSLEY, prays that this court will grant judgment against Defendants Burger King:

    a.     awarding MOSLEY payment of overtime compensation found by the court to be due to him under the Act;

    b.     awarding MOSLEY an additional equal amount as liquidated damages;

    c.     awarding MOSLEY his costs, including a reasonable attorney's fee; and

    d.     granting such other and further relief as is just.

## Count II – Violation of the FLSA by Burger King – Minimum Wage

12.     Plaintiff, MOSLEY, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 8 above.

13.     MOSLEY worked for Burger King for approximately 119.4 hours during the last three weeks of his employment, but received no compensation whatsoever for the work performed.

14.     Burger King's failure to pay MOSLEY violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

15.     MOSLEY is entitled pursuant to the FLSA to recover from Defendant Burger King:

a.      The applicable minimum wage in effect at the times he worked without receiving compensation;

b.      As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c.      The costs of this action, and;

d.      A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a.      Enter judgment for MOSLEY against Burger King on the basis of its willful violations of the FLSA;

b.      Award MOSLEY actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

c.      Award MOSLEY an equal amount in liquidated damages;

d.      Award MOSLEY reasonable attorneys' fees and costs of suit; and

e.      Other such relief as this Court deems just.

### Count III – Violation of the Florida Minimum Wage Act by All Defendants

16.     Plaintiff, MOSLEY, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 8 above.

17.     MOSLEY worked for Burger King for approximately 119.4 hours during the last three weeks of his employment, but received no compensation whatsoever for the work performed.

18.     At least 15 days prior to filing suit, MOSLEY sent a letter to Burger King requesting payment for his unpaid wages. A copy of that letter is attached as Exhibit 1.

Despite MOSLEY's efforts to secure his pay, Burger King refused to pay him. Burger King's actions have left MOSLEY no other choice but to file this lawsuit.

19.     Burger King's failure to pay MOSLEY violates the Florida Minimum Wage Act, Florida Statutes 448.110 by not paying him at least a minimum wage.

20.     MOSLEY's letter to Burger King satisfies the pre-suit notice requirement of F.S. 448.110(6)(a).

21.     MOSLEY is entitled pursuant to the FMWA to recover from Burger King:

a.      The applicable minimum wage in effect in Florida for all hours worked without receiving compensation;

b.      As liquidated damages, an amount equal to the unpaid minimum wages he is owed;

c.      The costs of this action, and;

d.      A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a.      Enter judgment for MOSLEY and against Burger King on the basis of their willful violations of the FMWA;

b.      Award MOSLEY actual and compensatory damages in the amount shown to be due for unpaid minimum wages, with interest;

c.      Award MOSLEY an equal amount in liquidated damages;

d.      Award MOSLEY reasonable attorneys' fees and costs of suit; and

e.      Other such relief as this Court deems just.

**Count IV – Unpaid Agreed Upon Wages – Breach of Contract by Defendant Burger King**

22.     Plaintiff, MOSLEY, realleges, as if fully set forth in Count IV, the allegations of Paragraphs 1 through 8 above.

23.     Defendant offered to pay MOSLEY an hourly rate of $13 in exchange for MOSLEY performing the duties of cook for Burger King.

24.     For the final three weeks of MOSLEY's employment, he worked 119.4 hours, but received no pay whatsoever.

25.     MOSLEY performed all tasks and job duties required by Burger King.

26.     Burger King's failure to pay MOSLEY the agreed upon wages amounts to a breach of contract.

27.     As a result of Burger King's breach, MOSLEY has incurred general damages and is entitled to recover the unpaid wages as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, TRAVIS MOSLEY, requests judgment against Defendant Burger King for his unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury.

Dated: November 23, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*